IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 00-539-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD GEORGE FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Claire M. Fay
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204

    Jen E. Ihlo
    Melissa Schraibman
    Trial Attorneys - Tax Division
    U. S. Department of Justice
    600 E. Street N. W.
    Washington, D. C. 20004

        Attorneys for Plaintiff

Kristen L. Winemiller
1420 World Trade Center
121 S.W. Salmon Street
Portland, Oregon  97204

    Attorney for Defendant

KING, Judge:

On remand from the Ninth Circuit Court of Appeals, Richard Flowers was re-sentenced to 50 months for conspiracy to defraud the United States.  Before me is Flowers's motion to stay execution of his sentence pending his second appeal (#777).  The government has filed an opposition to the motion.

## FACTS

Flowers was convicted by a jury on June 7, 2002, of conspiracy to defraud the United States, and two counts of wilfully failing to file his federal tax returns.  He was sentenced to serve 60 months in prison.  He appealed his conviction, and the government cross-appealed.  On March 23, 2004, the Ninth Circuit affirmed his conviction.  United States v. Anderson, 94 Fed. Appx. 487, 2004 WL 604937 (9th Cir. 2004).  However, the Ninth Circuit granted the government's cross-appeal, vacated the sentence, and remanded the case because Flowers received concurrent sentences for convictions on two counts when, in the absence of compliance with the procedures for downward departure, the guidelines mandated consecutive sentences.  The Ninth Circuit also vacated the sentences and remanded the cases of co-defendants Dorothy Flowers and Jeffrey Weakley, to ensure that, as intended by the initial sentencing, their sentences reflected their lesser culpability as compared with Flowers.

Flowers was re-sentenced on February 17, 2005, and given a 50-month term of incarceration for the conspiracy conviction, with concurrent terms of imprisonment of 12 months on two counts for wilful failure to file federal tax returns. The judgment was entered on March 1, and Flowers's notice of appeal was filed on March 10, 2005. The government's notice of appeal was filed on March 28, 2005. Jeffrey Weakley and Dorothy Flowers have also filed notices of appeal.

Flowers has been under release conditions since shortly after his initial appearance in November of 2000, and has been cooperative with pretrial services while awaiting the results of his first appeal and re-sentencing.

## LEGAL STANDARDS

In order to issue a stay pending appeal, the court must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person, and the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

A substantial question is one that is "fairly debatable," or "fairly doubtful." United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id., quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). A question not yet decided by controlling precedent can present a substantial question. Id. at 1281, 1283.

Page 3 - OPINION AND ORDER

**DISCUSSION**

I.      Flowers's Likelihood of Flight or Posing a Danger and Delay

Flowers contends, and the government does not dispute, that he is neither a flight risk nor a danger to the community; therefore, the first criterion in Section 3143(b) is satisfied. In addition, the government does not allege that the appeal has been initiated for purposes of delay; the second part of Section 3143(b) is met.

II.     Substantial Question of Law Likely to Result in Reduced Term of Imprisonment

Flowers contends that with the upheaval in sentencing law, his appeal raises substantial questions of law or fact likely to result in a reduced term of imprisonment less than the expected duration of the appeal process.

The basis of Flowers's appeal is that this court should not have made any upward departure based on a fact not found by a jury, and proven beyond a reasonable doubt, citing Blakely v. Washington, 124 S. Ct. 2531 (2004). With respect to the conspiracy conviction, I found at the re-sentencing hearing that Flowers encouraged others to violate the tax laws and that he had a managerial role. I ruled that the government had the burden of proving the facts necessary to establish these enhancements and found that the testimony at trial provided the court with sufficient, reliable evidence to enable me to apply the encouraging-others increase, and the aggravated role enhancement, under United States v. Ameline, 400 F.3d 646 (9th Cir. 2005).[1] This resulted in a total offense level of 16, and an incarceration range of 21 to 27 months.

---

[1] The Ninth Circuit subsequently granted a rehearing en banc in United States v. Ameline, 401 F.3d 1007 (9th Cir. Mar. 11, 2005).

Flowers also appeals on the basis that the United States v. Booker, 125 S. Ct. 738 (2005), decision does not apply to him, as it was decided a month before his re-sentencing. I used the authority in Booker, making the Guidelines advisory, to increase Flowers's sentence to 50 months from the Guidelines range of 21 to 27 months. Flowers questions whether the use of Booker violates the constitutional provision banning *ex post facto* laws. U. S. Constitution, art. I, § 9.

The government responds that the Supreme Court's decision in Booker did not invalidate judicial fact-finding as the basis for calculating the advisory Guidelines ranges. The government also argues that Flowers cannot contend that he will receive a lower sentence because the enhancements were supported by evidence at trial. Finally, the government contends that Booker made the Guidelines advisory, requiring a sentencing court to consider Guideline ranges but allowing the court to tailor the sentence to the offender's conduct in light of other statutory concerns. Booker, 125 S. Ct. at 757. Under Booker, the government reiterates, I have considerable discretion to impose a reasonable sentence.

I find that a stay is not warranted here. While there are at least two issues that are unsettled–whether the court may make any factual findings, and if so what burden of proof applies–I am unable to find by clear and convincing evidence that the appeal will likely result in a reduced term of imprisonment less than the duration of the appeal process. If Flowers is successful on his appeal, the Ninth Circuit will likely remand the case to me for re-sentencing to again ensure parity between Flowers's sentence and the sentences of his co-defendants. In that case, I will again consider Flowers's conviction for two counts of wilful failure to file his federal tax returns and whether those sentences ought to be imposed consecutively or concurrently with

his conspiracy conviction. As a result, I find that the although the appeal raises substantial questions of law, I do not find that it is likely to result in a reduced sentence less than the expected duration of the appeal process.

## CONCLUSION

Flowers's Motion for Stay of Execution of Sentence Pending Second Appeal (#777) is denied.

IT IS SO ORDERED.

Dated this 25th day of April, 2005.

/s/ Garr M. King
Garr M. King
United States District Judge